UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Cheritylee Ann Stevens and David Matthew Stevens,**

**Plaintiffs,**

**v.**

**Brookdale Dodge, Inc.,**

**Defendant.**

**Civil No. 00-2632 (MJD/SRN)**

**ORDER**

---

Thomas J. Lyons Jr., Esq., on behalf of Plaintiffs.

Blake W. Duerre, Esq., and Gregory J. Johnson, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on October 10, 2001, on Plaintiffs' Motion to Amend (Doc. No. 8).

This Order addresses that motion.

## I. PLAINTIFF'S MOTION TO AMEND

### A. Factual Background.

On or about January 11, 2000, Plaintiffs purchased from Defendant a 1999 Dodge Stratus for a purchase price of $14,490.00. Pursuant to the Retail Installment Sales Contract, Plaintiffs agreed to pay $1,729.43 down, and accept financing from Defendant for the balance due in the approximate amount of $362.60 per month for 60 months. The installment contract contained a segregated disclosure box which contained all of the credit terms required to be disclosed by the

NOV 2 0 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

federal Truth in Lending Act (TILA). Plaintiffs, however, did not receive a copy of the credit terms, that they could keep, until after signing the documents.

On December 4, 2000, Plaintiffs filed a Complaint alleging that Defendant violated TILA. Specifically, Plaintiffs alleged that Defendant violated 15 U.S.C. § 1638(b)(1), by failing to provide TILA disclosures prior to the extension of credit. Plaintiffs now seek to amend the Complaint to add: (1) specific class allegations, and (2) an additional claim pursuant to 15 U.S.C. § 1638(a).

**B. Discussion.**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if the motion were denied. Id.

The Eight Circuit has held that "[a]lthough amendment of a complaint should be allowed

liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). In particular, leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder, 644 F.2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

**1. Addition of Specific Class Allegations.**

Plaintiffs contend that Defendant routinely fails to provide consumers, like them, with TILA disclosures prior to the extension of credit. Further, Plaintiffs state that courts have certified cases in similar situations. As a result, they conclude that it would be appropriate to amend the Complaint to include specific class allegations.

Defendant contends that such an amendment would be futile, because Plaintiffs could never obtain class certification. Defendants state that under TILA, the consumer must establish that she would have obtained better credit terms if the creditor had disclosed the information required by the Act. Therefore, Defendants assert that because of the "individualized proof that would be required to demonstrate proximate cause and actual damages," Plaintiffs could never achieve class certification. As a result, Defendant concludes that the Court should not allow Plaintiffs to add specific class allegations.

The Court grants Plaintiffs' motion. Under Defendant's standard procedure, it did not provide would-be borrowers with their own written copy of the credit terms being offered before

they signed the contract. As a result, a common question of law predominates these potential TILA claims, whether or not Defendant's conduct is ultimately determined to violate TILA. Moreover, multiple courts have concluded that some variation of this practice does violate TILA. See e.g. Polk v. Crown Auto, 221 F.3d 691, 692 (4th Cir. 2000); Lozada v. Dale Baker Oldsmobile, Inc., 91 F.Supp.2d 1087, 1092 (W.D. Mich. 2000); Walters v. First State Bank, 134 F.Supp.2d 778, 781-82 (W.D. Va. 2001).

Furthermore, the Court is not being asked to certify a class at this point. Plaintiffs are merely moving the Court for leave to include specific class allegations. The standard the Court must apply at the amendment stage is a liberal one, and while there may eventually be a legitimate question as to the propriety of class certification, that fact does not render Plaintiffs' current motion frivolous. Consequently, adding specific class allegations is appropriate at this point.

**2. Addition of 15 U.S.C. § 1638(a) Claim.**

Plaintiffs contend that because they were not furnished with the credit terms early enough to allow them to compare the terms with those available from other creditors, they were, for purposes of TILA, not provided with the disclosures at all. Plaintiffs rely on Lozada v. Dale Baker Oldsmobile, Inc., 197 F.R.D. 321 (W.D. Mich. 2000), as support for the proposition that a § 1638(b)(1) violation is, in effect, also a violation of § 1638(a). Plaintiffs maintain that they have brought this claim in a timely fashion, and there is legal authority for their argument, hence it is not futile. As a result, they conclude that the Court should allow them to add the § 1638(a) claim.

Defendant responds that Plaintiffs should not be allowed to add the additional claim,

because the issue of the timing of the disclosures does not implicate § 1638(a). Defendant explains that the segregated disclosure in the contract at issue provided Plaintiffs with all the information required by § 1638(a), and as a result, it would be frivolous for Plaintiffs to pursue a claim under that section.

The Court grants Plaintiffs' motion with respect to adding the § 1638(a) claim. While there are no Eighth Circuit cases on point, Plaintiffs have demonstrated to the Court that they have a good faith basis, under the facts of the present case, for making this argument. Therefore, the Court finds that under the liberal standard for amending the pleadings, Plaintiffs are entitled to add a claim for relief under § 1638(a).

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiffs' Motion to Amend (Doc. No. 8) is **GRANTED**.

Dated: November 19, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge