ORIGINAL

**UNITED STATES DISTRICT COURT**
**STATE OF MINNESOTA**

Court File No.: CV- 00-2632 JNE/JGL

Cheritylee Ann Stevens and David Mathew Stevens,

Plaintiffs,

vs.

Brookdale Dodge, Inc.

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

**ORAL ARGUMENT REQUESTED**

## I. INTRODUCTION

Defendant Brookdale Dodge, Inc. ("Brookdale Dodge") submits this Memorandum of Law in Support of its Motion to Amend the Court's Pretrial Scheduling Order pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.3.

The only remaining claim in this case is Plaintiffs' "estimate" claim under the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, and Regulation Z to the TILA. The "estimate" claim involves purely a legal issue, to wit: Whether a dealership violates the TILA if it does not label the credit terms that are disclosed in a retail installment contract as "estimates" when the transaction is contingent upon a third-party lender's credit approval? Although numerous federal courts, including the United States District Court for the District of Minnesota in *Vang v. Morrie's Minnetonka Ford*, unpublished decision, 2001 WL 1589614 (D. Minn. 2001) (Kyle, J.), have dismissed the identical claim (and Plaintiffs' counsel in the immediate case represented the plaintiff in *Vang* and did not appeal the decision to the Eighth Circuit), Plaintiffs have refused to voluntarily dismiss the claim.

SCANNED
JUN 15 2004
U.S. DISTRICT COURT ST. PAUL

Brookdale Dodge brings the immediate motion to Amend the Court's Pretrial Scheduling Order to extend the dispositive motion deadline to allow the Court to determine the "estimate" claim as a matter of law.

## II. STATEMENT OF FACTS AND PROCEDURAL POSTURE

This case arises out of Plaintiffs' purchase of a 1999 Dodge Stratus from Brookdale Dodge on January 11, 2000. The dealership arranged financing for the purchase with Community Company ("Community Credit"), a sales finance company, pursuant to a retail installment contract ("RIC"). The RIC contained a segregated disclosure box which contained all of the credit terms required to be disclosed by the TILA (i.e., the annual percentage rate, amount financed, finance charge, total of payments and total sales price) and was presented to Plaintiffs for their review and approval. Although Plaintiffs reviewed the RIC, agreed to the credit terms disclosed therein and received a copy, and the RIC was assigned to, and accepted by, Community Credit, Plaintiffs filed this lawsuit.

In the Amended Complaint filed in November 2001, Plaintiffs alleged two TILA claims against Brookdale Dodge. First, Plaintiffs alleged that Brookdale Dodge violated the timing requirements of the TILA, 15 U.S.C. §1638(b)(1) and Regulation Z to the TILA, 12 C.F.R. §226.17(a)(1), by allegedly failing to make the required disclosures in a written form prior to consummation of the transaction.

Brookdale Dodge brought a motion for summary judgment. By Order dated December 26, 2002, this Court granted Brookdale Dodge's motion on the "timing" claim. The Court determined that even if Brookdale Dodge violated the TILA's timing requirement (an issue the Court did not decide), Brookdale Dodge was nonetheless entitled to summary judgment because the Plaintiffs, who admitted that they had no actual damages as a result of the alleged violation, would not be entitled

to statutory damages under 15 U.S.C. §1640(a)(2)(B) based on the alleged violation of 15 U.S.C. §1638(b)(1).

Second, Plaintiffs alleged that Brookdale Dodge violated 12 C.F.R. §226.17(c)(2)(i) by failing to label the TIL disclosures that appeared on the RIC as estimates. (See Amended Complaint at ¶16.) Brookdale Dodge briefed the "estimates" claim in its previous summary judgment memoranda. The Court, in its December 26, 2002 Order, declined to rule on the "estimate" claim because neither party had formally moved for summary judgment on this claim. (See Order at p. 1, n. 1).[1]

Last year, Brookdale Dodge served a motion for summary judgment relative to the "estimates" claim upon Plaintiff's counsel. (See Exhibit 1). Plaintiff's counsel objected on the grounds that the motion was served after the expiration of the dispositive motion deadline. Brookdale Dodge withdrew the motion, at the request of the Court. The claim remains pending before the Court.

As noted above, the identical "estimates" claim has been rejected by the United States District Court for the District of Minnesota, as well as numerous other federal courts.[2] In Vang v.

---

[1]Upon receipt of this Court's Order of December 26, 2002, Brookdale Dodge requested that Plaintiffs dismiss the "estimate" claim and forwarded a proposed stipulation of dismissal. Although Plaintiffs' counsel alleged the identical "estimate" claim on behalf of the plaintiff in the case of Vang v. Morrie's Minnetonka Ford, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.), and the Court in Vang granted the dealership's motion for summary judgment on the claim, Plaintiffs' counsel did not respond to Brookdale Dodge's request. (Id.)

[2]See, e.g., Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir. 2000), *reh'g and reh'g en banc denied,* (May 23, 2000) (dismissing claim that dealership violated TILA by not labeling disclosures as estimates because "[i]f the financing condition had been satisfied, Janikowski would be able and obligated to purchase the car at 5.9%"); Tripp v. Charlie Falk Auto, 2001 WL 1105132 at *5 (E.D. Va. 2001) (the condition of financing approval by a third-party lending institution does not necessitate labeling the disclosed terms estimates because "[i]f the financing condition had been

Morrie's Minnetonka Ford, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.), Judge Frank dismissed the claim, stating:

> The Court finds Plaintiff's argument on this issue to be without merit. At the time the terms were disclosed, Defendant knew them to be accurate, and Plaintiff agreed to be bound by those terms, if third-party lender approval was obtained. Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir. 2000) (finding no TILA "estimates" violation because borrower would have been obligated to purchase pursuant to disclosed terms had financing condition been satisfied). * * * Contrary to Plaintiff's position, the fact that the borrower is not bound to the contract unless the agreed upon terms can be obtained from a third-party lender appears to serve the interests of the consumer. The fact that a borrower may be disappointed that credit terms cannot be obtained is unfortunate but does not constitute evidence of a TILA violation.

Additionally, numerous federal courts have also recognized that statutory damages under the TILA are only available for the violation of those statutes which are specifically enumerated in 15 U.S.C. §1640(a)(2).[3] The same conclusion was reached by the United States District Court for the District of Minnesota in Stevens v. Brookdale Dodge, Inc., 2002 WL 31941158 (D. Minn. Dec. 27,

---

satisfied, then Plaintiffs and Defendants would have been obligated under the terms of the contract"); Burns v. Elmhurst Auto Mall, Inc., 2001 WL 521840 (N.D. Ill. May 16, 2001) ("Since the disclosure was accurate when the contract was completed, the lack of available financing at the rate disclosed does not render the disclosures actionable"); Leguillou v. Lynch Ford, Inc., 2000 WL 198796 (N.D. Ill. Feb. 14, 2000) ("Since the disclosure was accurate when the contract was completed, the lack of available financing at 11.9% does not render the disclosures actionable"); Jasper v. New Rogers Pontiac, Inc., 1999 WL 1024522 at *2-3 (N.D. Ill. Nov. 5, 1999) (dismissing claim and specifically noting that a dealership's inability to arrange financing on terms specified in installment contract "does not make the disclosures inaccurate so as to necessitate their being labeled as estimates").

[3] See, e.g., Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir. 2000), *cert. denied*, 531 U.S. 820 (2000) (holding that a violation of §1638(b)(1) does not give rise to statutory damages because it is not specifically enumerated in §1640(a)(2)); Wojcik v. Courtesy Auto Sales, Inc., 2002 WL 31663298 at *5 (D. Neb. Nov. 25, 2002); Kilbourn v. Candy Ford-Mercury, Inc., 209 F.R.D. 121, 125-28 (W.D. Mich. 2002); Collins v. Ray Skillman Olds-GMC Truck, Inc., 2001 WL 1711466 at *3-4 (S.D. Ind. Dec. 3, 2001); Crowe v. Joliet Dodge & Union Acceptance Corp., 2001 WL 811655 at *4 (N.D. Ill. July 18, 2001); Nigh v. Koons Buick Pontiac GMC, Inc., 143 F.Supp.2d 535, 549 (E.D. Va. 2001); and Molenbeek v. West Mich. Auto & Truck Outlet, Inc., 2001 WL 1602654 at *5-6 (W.D. Mich. Mar. 15, 2001).

2002) (Erickson, J.) (even assuming a violation of TILA's "timing" requirement occurred, dealership was still entitled to summary judgment because the plaintiff failed to establish any actual damages relating to the alleged violation); *Malchow v. GMI Acquisition, Inc.*, 2002 WL 31185865 at *4 (D. Minn. Oct. 1, 2002) (Kyle, J.) (holding that statutory damages are not available for an alleged violation of 15 U.S.C. §1638(b) or claim that dealership failed to label TIL disclosures as estimates). A violation of the estimates provision of 12 C.F.R. §226.17(c)(2)(i) is not one of the statutes enumerated in §1640(a)(2).

## III. LEGAL ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure provides, in part, that a scheduling order may only be modified "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge". Local Rule 16.3(a) provides that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown.

"Good cause" exists to extend the dispositive motion deadline relative to a hearing on Plaintiff's "estimates" claim under the TILA.

First, prior to the expiration of the dispositive motion deadline in the immediate case, counsel for the parties in the immediate case had already briefed and argued the identical legal issues in other cases.

Second, Brookdale Dodge had briefed the "estimates" claim in its prior motion for summary judgment in the immediate case.

Third, Minnesota federal courts have rejected Plaintiffs' arguments on three separate occasions. (*See, e.g.*, *Vang*, *Stevens* and *Malchow*.)

Finally, as noted by the federal district court in Eischeid v. Dover Const., Inc., 217 F.R.D. 448, 455 (N.D. Iowa 2003):

> [T]he court could be persuaded that "good cause" exists for extending a dispositive motion deadline where the proffered dispositive motion presents *legal* issues that the court would inevitably have to decide either prior to or in the course of trial. In those circumstances, a well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury. * * * Moreover, where the issues raised in the belated motion must inevitably be addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where consideration of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly.

Plaintiff certainly cannot assert any reasonable opposition to an extension of the dispositive motion deadline for purposes of having the claim resolved on motion for summary judgment. The "estimate" claim involves two legal issues: (a) whether a dealership violates the TILA if it does not label the credit terms that are disclosed in a retail installment contract as "estimates" when the transaction is contingent upon a third-party lender's credit approval? and (b), if so, whether a violation of 12 C.F.R. §226.17(c)(2)(i) can give rise to an award of statutory damages. The identical legal arguments advanced by Plaintiffs have been rejected by this Court (and numerous other federal courts). Judge Erickson will have to rule on the legal issues at some point. "A well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues . . .". Eischeid, 217 F.R.D. at 455.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Brookdale Dodge, Inc. respectfully requests that the Court grant its Motion to Amend the Pretrial Scheduling Order and issue an Order allowing Brookdale Dodge to file the summary judgment motion that is attached hereto as Exhibit 1 upon Plaintiff's counsel.

Respectfully submitted,

**JOHNSON • PROVO-PETERSEN, LLP**

Dated: 6/15/04

Gregory J. Johnson (#202678)
Attorneys for Defendant
332 Minnesota Street
Suite West 975
St. Paul, MN 55101
(651) 227-2534