**UNITED STATES DISTRICT COURT**
**STATE OF MINNESOTA**

**ORIGINAL**

Court File No.: CV- 00-2632 JNE/JGL

Cheritylee Ann Stevens and David Mathew Stevens,

Plaintiff,

vs.

Brookdale Dodge, Inc.

Defendant.

**EXHIBIT "1" TO DEFENDANT BROOKDALE DODGE'S MOTION TO AMEND THE COURT'S PRETRIAL SCHEDULING ORDER PURSUANT TO FED.R.CIV.P. 16 AND LOCAL RULE 16.3**

Respectfully submitted,

**JOHNSON • PROVO-PETERSEN, LLP**

Dated: 6/15/04

Gregory J. Johnson (#202678)
Attorneys for Defendant
332 Minnesota Street
Suite West 975
St. Paul, MN 55101
(651) 227-2534
Attorneys for Defendant

SCANNED CB
JUN 15 2004
U.S. DISTRICT COURT ST. PAUL

**UNITED STATES DISTRICT COURT**
**STATE OF MINNESOTA**
**FOURTH DIVISION**

---

Court File No.: CV- 00-2632 JEL/JGL

Cheritylee Ann Stevens and David Mathew Stevens,

Plaintiff,

vs.

Brookdale Dodge, Inc.

Defendant.

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

---

TO: Plaintiffs above named and their attorneys, Thomas J. Lyons, Jr. and Thomas J. Lyons, 342 East County Road D, St. Paul, MN 55117:

**PLEASE TAKE NOTICE** that Defendant Brookdale Dodge, Inc., by and through its undersigned counsel, will bring on for hearing a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, before the Honorable Judge Joan E. Lancaster, United States District Court Judge, in the United States District Court, 300 South Fourth Street, in the City of Minneapolis, State of Minnesota on a date and at a time to be determined by the Court. Said Motion will be based upon attached Memoranda of Law and the affidavits and exhibits attached thereto.

Dated: February 20, 2003

**JOHNSON & VAN VLIET, L.L.P.**

Gregory J. Johnson (#202678)
Attorney for Defendant Brookdale Dodge, Inc.
332 Minnesota Street
Suite W-975
St. Paul, Minnesota 55101
(651) 227-2534

**UNITED STATES DISTRICT COURT**
**STATE OF MINNESOTA**
**FOURTH DIVISION**

Court File No.: CV- 00-2632 JEL/JGL

Cheritylee Ann Stevens and David Mathew Stevens,

Plaintiffs,

vs.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON REMAINING "ESTIMATE" CLAIM UNDER REGULATION Z TO THE TRUTH-IN-LENDING ACT**

Brookdale Dodge, Inc.

Defendant.

## I. INTRODUCTION

This Memorandum is submitted on behalf of Defendant Brookdale Dodge, Inc. ("Brookdale Dodge") in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Brookdale Dodge contends that there are no genuine issues of material fact in dispute and that it is entitled to summary judgment as a matter of law.

This case arises out of Plaintiffs' purchase of a 1999 Dodge Stratus from Brookdale Dodge on January 11, 2000. The dealership arranged financing for the purchase with Community Company ("Community Credit"), a sales finance company, pursuant to a retail installment contract. The installment contract contained a segregated disclosure box which contained all of the credit terms required to be disclosed by the Truth-in-Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, (i.e., the annual percentage rate, amount financed, finance charge, total of payments and total sales price) and

was presented to Plaintiffs for their review and approval. Although Plaintiffs reviewed the installment contract, agreed to the credit terms disclosed therein and received a copy, and the installment contract was assigned to, and accepted by, Community Credit, Plaintiffs filed this lawsuit.

In the Amended Complaint filed in November 2001, Plaintiffs alleged two TILA claims against Brookdale Dodge. First, Plaintiffs alleged that Brookdale Dodge violated the timing requirements of the TILA, 15 U.S.C. §1638(b)(1) and Regulation Z to the TILA, 12 C.F.R. §226.17(a)(1), by allegedly failing to make the required disclosures in a written form prior to consummation of the transaction.[1] By Order dated December 26, 2002, this Court granted Brookdale Dodge's motion for summary judgment on the "timing" claim. The Court determined that even if Brookdale Dodge violated the TILA's timing requirement (an issue the Court did not decide), Brookdale Dodge was nonetheless entitled to summary judgment because the Plaintiffs, who admitted that they had no actual damages as a result of the alleged violation, would not be entitled to statutory damages under 15 U.S.C. §1640(a)(2)(B) based on the alleged violation of 15 U.S.C.

[1]Although Plaintiffs filed a motion to amend the complaint to allege class allegations in September 2001, and the Magistrate Judge granted Plaintiffs' motion to amend by Order dated November 19, 2001, Plaintiffs did not file a motion for class certification prior to the expiration of the March 15, 2002 deadline for non-dispositive motions. After Brookdale Dodge filed its original motion for summary judgment in October of 2001, Plaintiffs filed affidavits dated November 5, 2001 wherein they claimed, for the first time, that at the time they signed the installment contract, the dealership's Business Manager held it to the table with his hand. Presumably, Plaintiffs decided to abandon the class claims because this liability theory would require each customer to present individualized testimony as to the precise manner in which the dealership presented the installment contract to them, thereby eliminating any possibility that the case could ever be pursued on a class basis.

§1638(b)(1).[2]

Second, Plaintiffs alleged that Brookdale Dodge violated 12 C.F.R. §226.17(c)(2)(i), by failing to label the TIL disclosures that appeared on the installment contract as estimates. (*See* Amended Complaint at ¶16.) The Court, in its December 26, 2002 Order, declined to rule on the "estimate" claim because neither party had formally moved for summary judgment on this claim. (*See* Order at p. 1, n. 1).[3]

Brookdale Dodge is entitled to summary judgment on Plaintiffs' "estimate" claim. Brookdale Dodge did not violate Regulation Z. Moreover, even assuming Plaintiffs could establish a violation of 12 C.F.R. §226.17(c)(2)(i), Plaintiffs have no actual damages and a violation of this provision of Regulation Z does not give rise to an award of statutory damages under 15 U.S.C. §1640(a)(2)(B).

## II. DOCUMENTS FORMING A PART OF THE RECORD

The following documents form a part of the record for purposes of Brookdale Dodge's

---

[2]Plaintiffs also argued that the alleged violation of the timing requirements of 15 U.S.C. §1638(b)(1) results in a violation of 15 U.S.C. §1638(a)(3)-(6), contending that a creditor does not "disclose" a credit term for purposes of section §1638(a)(3)-(6) unless disclosure occurs at the time specified in section 1638(b)(1). In its Order of December 26, 2002, the Court, citing *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000), *Malchow v. GMI Acquisition, Inc.*, 2002 WL 31185865, at *4 (D. Minn. Oct. 1, 2002) (Rosenbaum, C.J.) and *Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 126-127 (W.D. Mich. 2002), rejected this back-door argument. (*See* Order at 7-8).

[3]Upon receipt of this Court's Order of December 26, 2002, Brookdale Dodge requested that Plaintiffs dismiss the "estimate" claim and forwarded a proposed stipulation of dismissal. (*See* letter dated January 2, 2003, attached as Exhibit N to the Affidavit of Gregory J. Johnson). Although Plaintiffs' counsel alleged the identical "estimate" claim on behalf of the plaintiff in the case of *Vang v. Morrie's Minnetonka Ford*, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.), and the Court in *Vang* granted the dealership's motion for summary judgment on the claim, Plaintiffs' counsel did not respond to Brookdale Dodge's request. (*Id*). Thus, Brookdale Dodge now brings the immediate motion.

motion for summary judgment:

1. Affidavit of Michael Martinez dated October 8, 2001 and attached exhibits;

2. Affidavit of Defendant's Counsel, Gregory J. Johnson, dated February 20, 2003 and attached exhibits.[4]

## III. STATEMENT OF RELEVANT & UNDISPUTED FACTS

Brookdale Dodge is an automobile dealership located at 6800 Brooklyn Boulevard in Brooklyn Center, Minnesota. (*See* Aff. of M. Martinez at ¶ 2.) The dealership had business relationships with lending institutions which extend financing to its customers to purchase motor vehicles. (*Id.*) In some transactions, Brookdale Dodge arranges financing with a lending institution to enable its customers to purchase motor vehicles. (*Id.*) Although Brookdale Dodge completes the installment contract forms provided by the lending institutions, it ultimately assigns the contract to the lender. (*Id.*)

In early January of 2000, Plaintiffs began shopping around for a motor vehicle. Plaintiff Cheritylee Stevens first visited Carlson Toyota and sought financing on a vehicle. (*See* Dep. C. Stevens at p. 5, 11.) After not hearing back from Carlson Toyota, Plaintiff Cheritylee Stevens visited Brookdale Dodge and expressed an interest in purchasing a vehicle. (*Id.* at p. 12.) She left the dealership with the understanding that the dealership would try to arrange financing. (*Id.* at p. 24.) She visited the dealership on one or two more occasions before she received a call from the dealership advising her that financing had been arranged. (*Id.* at p. 33.) Plaintiffs returned to the dealership on January 11th. (*Id.* at p. 21-22.) At that time, Plaintiffs executed a purchase agreement

[4]A copy of the unpublished decisions referenced herein are attached as Exhibits to the Affidavit of G. Johnson.

wherein they agreed to purchase a used 1999 Dodge Stratus for $14,490 with a $4,000 trade-in allowance on their 1991 Honda Civic and make a $1,500 cash downpayment. (See Exh. A to Aff. of M. Martinez.)

The dealership's F&I Manager completed a Community Credit installment contract. (See Exh. C to Aff. of M. Martinez.) The installment contract contained a segregated truth-in-lending disclosure box which identified in bold, the **"Annual Percentage Rate"** (15.00%), **"Amount Financed"** ($15,153.49), **"Finance Charge"** ($6,602.51), **"Total of Payments"** ($21,756.00), and the **"Total Sales Price"** ($23,485.43). (Id.)

Plaintiffs testified that they decided to sign the installment contract on January 11, 2000 "because we needed a car." (See Dep. C. Stevens at p. 20; Dep. M. Stevens at p. 47-48.) Although Plaintiffs executed several provisions of MADA Form-70888, neither the Plaintiffs or the dealership executed the conditional delivery agreement provision indicating that the transaction remained subject to financing approval. (See Exh. M to Aff. of G. Johnson.) The installment contract was assigned to, and accepted by, Community Credit. As of March 2002 – when Plaintiffs' depositions were taken – Plaintiffs still had the vehicle and were making their monthly payments. (See Dep. M. Stevens at p. 5, 10.)[5]

---

[5]Plaintiffs' installment contract could be pre-paid at any time without penalty. It contained a paragraph entitled, "Refund for Early Payment in Full" which stated: "I may prepay this contract at any time." (See Exh. C to Aff. of M. Martinez at p. 2.) As a result, Plaintiffs could, if they so desired, look elsewhere for more favorable credit terms and, if successful, use the proceeds of such financing to pay off the amount owed under the installment contract they executed. (See Aff. of M. Martinez at ¶ 6.)

# IV. LEGAL ANALYSIS

## A. Standard for Summary Judgment

A motion for summary judgment may be brought pursuant to Fed.R.Civ.P. 56(b) "at any time" after the complaint is served. The purpose of summary judgment is to isolate, and then terminate, claims and defenses that have no factual support. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is not to be viewed as a disfavored technical shortcut, but an integral component of the Federal Rules of Civil Procedure. *Id.* at 327. In order to defeat a motion for summary judgment, a plaintiff must present specific facts demonstrating that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party may not rest on the allegations of the pleadings, but must present specific evidence indicating that there is a genuine issue of fact to be tried so that the parties can avoid the time and expense of protracted litigation. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## B. Brookdale Dodge Did Not Violate Regulation Z's "Estimate" Provision

The TILA requires that a "creditor" (which includes a dealership which is arranging the extension of credit through a third-party lending institution) to make written disclosure of certain credit terms. *See* 15 U.S.C. §1638(a)(1)-(5). As noted above, the installment contract Plaintiffs executed on January 11, 2000 contained a segregated disclosure box which identified in bold, the **"Annual Percentage Rate"** (15.00%), **"Amount Financed"** ($15,153.49), **"Finance Charge"** ($6,602.51), **"Total of Payments"** ($21,756.00), and the **"Total Sales Price"** ($23,485.43) (*See* Exh. C to Aff. of M. Martinez.) The installment contract was assigned to, and accepted by, Community Credit.

Plaintiffs allege that Brookdale Dodge violated Regulation Z, 12 C.F.R. §226.17(c)(2)(i),

because, according to Plaintiffs, the installment contract they executed on January 11, 2000 remained subject to financing approval by the lender and Regulation Z, in Plaintiffs view, requires that TIL disclosures be labeled as estimates in that event. 12 C.F.R. §226.17(c), in pertinent part, provides that:

> (2)(i) If any information necessary for an accurate disclosure is unknown to the creditor, the creditor shall make the disclosure based on the best information reasonably available at the time the disclosure is provided to the consumer, and shall state clearly that the disclosure is an estimate.

Brookdale Dodge is entitled to summary judgment. First, the factual predicate for Plaintiffs' claim – i.e., that the installment contract Plaintiffs executed on January 11, 2000 remained contingent upon a third-party lender's approval of the credit terms – is entirely lacking. Plaintiffs executed a fully binding agreement with Brookdale Dodge. Although Plaintiffs executed several provisions of MADA Form-70888, neither the Plaintiffs or the dealership executed the conditional delivery agreement provision, which provided, in pertinent part that: "the vehicle has been delivered to YOU conditionally subject to approval of the financing . . . [and] [i]f financing is not approved on the terms set out in your installment contract, I will notify YOU and YOU agree to immediately return the vehicle to ME." (*See* Exhibit M to Affidavit of G. Johnson.)[6]

---

[6]The Official Staff Commentary to Regulation Z makes clear that 12 C.F.R. §226.17(c)(2)(i), is only intended to apply to situations where a creditor does not have exact information regarding an amount that is required to be disclosed by the TILA, or exact information regarding an amount that is used to calculate an amount that is required to be disclosed by TILA, such as taxes, third-party fees, insurance costs, lien pay-off amounts, etc. The Regulation does not apply to situations where the parties have agreed that the transaction may be cancelled in the event that financing approval cannot be obtained on the disclosed terms. *See* 12 C.F.R. §226, Supp. I, ¶¶17(c)(2). The Official Staff Commentary notes that a creditor "normally may rely on the representations of other parties in obtaining information" that is used in calculating the amounts required to be disclosed. *Id.* "For example, the creditor might look to the consumer for the time of consummation, to insurance companies for the cost of insurance, or to realtors for taxes and escrow fees." *Id.*

Second, and more importantly, even if the installment contract remained contingent upon a third-party lender's approval of the credit terms, Plaintiffs claim that Regulation Z requires a dealership to label the TIL disclosures as "estimates" in such a case, is entirely lacking in legal merit. Numerous courts, including the Seventh Circuit Court of Appeals and this Court, have rejected the identical "estimate" claim ***even in cases where the lending institution declined to extend financing to the customer.*** In a conditional delivery situation – where the customer takes delivery of a vehicle subject to financing approval by a lending institution, the numeric amounts that are disclosed on the installment contract are not "***estimated***" amounts – they are the ***actual*** amounts that the customer has agreed to pay, and will be required to pay, in the event that the lending institution agrees to extend financing. Not labeling the disclosed terms as estimates does not violate the TILA. *See, e.g., Vang v. Morrie's Minnetonka Ford*, 2001 WL 1589614, at *3-4 (D. Minn. Dec. 11, 2001) (Frank, J.) (rejecting argument that dealership violates TILA by not labeling TIL disclosures as "estimates" when the installment contract is contingent upon financing approval by a lender); *Janikowski v. Lynch Ford, Inc.*, 210 F.3d 765, 767 (7th Cir. 2000) (dismissing claim that dealership violated TILA by not labeling disclosures as estimates because "[i]f the financing condition had been satisfied, Janikowski would be able and obligated to purchase the car at 5.9%"); *Tripp v. Charlie Falk Auto*, 2001 WL 1105132, at *5 (E.D. Va. 2001) (the condition of financing approval by a third-party lending institution does not necessitate labeling the disclosed terms estimates); *Burns v. Elmhurst Auto Mall, Inc.*, 2001 WL 521840 (N.D. Ill. May 16, 2001) ("Since the disclosure was accurate when the contract was completed, the lack of available financing at the rate disclosed does not render the disclosures actionable"); *Leguillous v. Lynch Ford, Inc.*, 2000 WL 198796 (N.D. Ill. Feb. 14, 2000) ("Since the disclosure was accurate when the contract was completed, the lack of available financing

at 11.9% does not render the disclosures actionable"); Jasper v. New Rogers Pontiac, Inc., 1999 WL 1024522, at *2-3 (N.D. Ill. Nov. 5, 1999) (dismissing claim and specifically noting that a dealership's inability to arrange financing on terms specified in installment contract "does not make the disclosures inaccurate so as to necessitate their being labeled as estimates")[7]

As noted by Judge Frank in dismissing the identical "estimate" claim in Vang v. Morrie's Minnetonka Ford, 2001 WL 1589614, at *3-4:

> Plaintiff also alleges that Minnetonka Ford violated TILA by failing to label the TIL disclosures as "estimates," given that the transaction was contingent upon financing approval of the disclosed terms by a third-party lender. 12 C.F.R. § 226.17(c)(2). The Court finds Plaintiff's argument on this issue to be without merit. At the time the terms were disclosed, Defendant knew them to be accurate, and Plaintiff agreed to be bound by those terms, if third-party lender approval was obtained. Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir.2000) (finding no TILA "estimates" violation because borrower would have been obligated to purchase pursuant to disclosed terms had financing condition been satisfied). Indeed, as the Court noted above in its discussion of the stipulated facts, both the purchase contract and the conditional delivery agreement contained language indicating that the transaction was conditioned upon third-party lender approval of the agreed upon terms. If those terms could not be met, as was the case here, then the parties could attempt to renegotiate the contract and new disclosures would have to be made. Contrary to Plaintiff's position, the fact that the borrower is not bound to the contract unless the agreed upon terms can be obtained from a third-party lender appears to serve the interests of the consumer. The fact that a borrower may be disappointed that credit terms cannot be obtained is unfortunate but does not constitute evidence of a TILA violation.

---

[7]In Leguillous, the vehicle purchase order contained a provision allowing either party to void the installment contract in the event that financing could not be obtained. The court noted that a condition subsequent of financing approval "does not undermine the validity of the original TILA disclosures. Accurate disclosures do not become violations because they are rendered inaccurate by subsequent events." Id. at * 3. Indeed, 15 U.S.C. §1634 specifically provides that: "[i]f information required to be disclosed in accordance with [TILA] is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part." See also Jasper v. New Rogers Pontiac, Inc., 1999 WL 1024522, at *2-3 (N.D. Ill. Nov. 5, 1999) ("the voidability of the [installment contract] alone does not make the disclosures inaccurate so as to necessitate their being labeled as estimates").

Based on the foregoing, Plaintiffs' "estimate" claim under 12 C.F.R. §226.17(c)(2) fails as a matter of law and Brookdale Dodge is entitled to summary judgment.

**C. A Violation of 12 C.F.R. §226.17(c)(2)(i)**
**Does Not Give Rise to an Award of Statutory Damages**

Brookdale Dodge is entitled to summary judgment for the additional reason that Plaintiffs cannot establish entitlement to damages. Plaintiffs have acknowledged that they have no actual damages and a violation of 12 C.F.R. §226.17(c)(2)(i) does not entitle a consumer to a statutory penalty. *See* 15 U.S.C. §1640(a)(2).

In order to recover actual damages under TILA, a plaintiff "will have to show that damages were sustained as a result of the failure to properly disclose, i.e., that he or she would have gotten credit on more favorable terms but for the violation . . . ." *McCoy v. Salem Mortgage Co.*, 74 F.R.D. 8, 12 (E.D. Mich. 1976). *See also*, *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 917 (8th Cir. 2000) (the remedy of "actual damages" requires a causal relationship between the violation and actual harm. The consumer must establish that she detrimentally relied on the creditor's conduct and that but for the failure to comply, she would have and could have obtained better credit terms); *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578 (W.D. Mich. 2001) (same).

Presumably, a creditor's failure to properly label a TIL disclosure as an "estimate" could result in actual damages if it is subsequently determined that the disclosed amount was ***understated*** and the consumer could have, had s/he known that the disclosed amount may not be the actual amount, obtained more favorable credit terms elsewhere. "Any discrepancy between an actual disclosure and what a borrower is later charged ordinarily constitutes a violation under the Act." *Brophy v. Chase Manhatten Mortgage Co.*, 947 F. Supp. 879, 886 (E.D. Pa. 1996) (citing *McGowan*

v. King, Inc., 569 F.2d 845, 848 (5th Cir.1978) (understatement of "deferred payment price" by $3.52 constituted violation of TILA); Grant v. Imperial Motors, 539 F.2d 506, 510 (5th Cir.1976) (finance charge understated by $16.00 constituted a violation of TILA). Here, however, Plaintiff's have conceded that they have no actual damages. Nor could they claim any actual damages causally related to the fact that the TIL disclosures were not labeled as estimates. As noted above, Community Credit agreed to extend financing to Plaintiffs on the terms set forth in the installment contract. The amounts disclosed on the installment contract were not understated – Plaintiffs were not required to pay any amount that was greater than the credit costs identified in their installment contract. Additionally, to the extent that Plaintiffs did not like those credit terms, they could have, at any time, searched for alternate financing and, if successful, used the proceeds to pay-off the installment contract.

Plaintiffs would also not be entitled to statutory damages. 15 U.S.C. § 1640(a)(2)(B) governs the availability of statutory damages for violations of the TILA. The statute does not specifically state that statutory damages may be assessed for a violation of Regulation Z, much less its "estimate" provision. The statutes referenced in §1640(a)(2)(B), which can give rise to an award of statutory damages, are as follows: 15 U.S.C. §1638(a)(2), which requires disclosure of the "amount financed"; §1638(a)(3), which requires disclosure of the "finance charge"; §1638(a)(4), which requires disclosure of the "annual percentage rate"; §1638(a)(5), which requires disclosure of the "total of payments"; §1638(a)(6), which requires disclosure of the payment schedule and §1638(a)(9), which requires disclosure of security interests taken in property that is purchased in the credit sale transaction. While Congress could have elected to include a violation of 12 C.F.R. §226.17(c)(2)(i) within the list authorizing an award of statutory damages, they did not do so. Presumably, Congress

did not include "estimate" violations in non-mortgage transactions within the enumerated list because an understatement of the disclosed amounts would entitle the consumer to an award of actual damages. "Any discrepancy between an actual disclosure and what a borrower is later charged ordinarily constitutes a violation under the Act." *Brophy v. Chase Manhatten Mortgage Co.*, 947 F. Supp. 879, 886 (E.D. Pa. 1996) In any event, second-guessing Congress' decision to include certain subsections as giving rise to statutory damages and omit others would not be appropriate. "[O]mission from the list means no statutory damages." *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000).

In its Order of December 26, 2002, the Court cited several cases, including three cases from district courts in the Eighth Circuit, in support of its conclusion that a violation of 15 U.S.C. §1638(b)(1) does not give rise to an award of statutory damages. (*See* Order at p. 7) (citing *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000); *Wojcik v. Courtesy Auto Sales, Inc.*, WL 31663298, at *5 (D. Neb. Nov. 25, 2002); *Malchow v. GMI Acquisition, Inc.*, 2002 WL 31185865, at *3-5 (D. Minn. Oct. 1, 2002) (Rosenbaum, C.J.); *Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 125-128 (W.D. Mich. 2002); *Collins v. Ray Skillman Olds-GMC Truck, Inc.*, 2001 WL 1711466, at *3-4 (S.D. Ind. Dec. 3, 2001); *Peter v. Village Imports Co.*, 2001 WL 1640130, at *3 (D. Minn. Oct. 9, 2001) (Doty, J.); *Crowe v. Joliet Dodge & Union Acceptance Corp.*, 2001 WL 811655, at *4 (N.D. Ill. July 18, 2001), and *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F. Supp.2d 535, 549 (E.D. Va. Apr. 20, 2001)). These cases, and their reasoning, support Brookdale Dodge's position that a violation of 12 C.F.R. §226.17(c)(2)(i) does not give rise to an award of statutory damages.

Because Plaintiffs have no actual damages and Plaintiffs are not entitled to statutory

damages, Brookdale Dodge is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant Brookdale Dodge respectfully requests that the Court grant its Motion for Summary Judgment.

Dated: February 20, 2003

**JOHNSON & VAN VLIET, L.L.P.**

Gregory J. Johnson (#202678)
Attorney for Defendant
332 Minnesota Street
Suite W-975
St. Paul, Minnesota 55101
(651) 227-2534