**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV 00-2632 JNE/JGL**

| | |
|---|---|
| Cheritylee Ann Stevens and David Matthew Stevens, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>Brookdale Dodge, Inc.,<br><br>Defendant. | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER** |

## INTRODUCTION

Plaintiffs submit this Memorandum in response to Defendant Brookdale Dodge's Motion to Amend the June 21, 2001 Scheduling Order. Defendant has failed to show either "extraordinary circumstances" for the Court to entertain such a motion after the deadline or "good cause" for the Court to grant it. LR 16.3. Both the supposed factual and the supposed legal bases for Defendant's proposed Motion for Summary Judgment were at Defendant's disposal before the May 1, 2002 dispositive-motion deadline. Nevertheless, Defendant waited more than nine months after the deadline before first attempting to bring its Motion for Summary Judgment on Plaintiffs' estimate claim, and did not seek to amend the scheduling order until the present motion. Because Defendant can offer no excuse for its lack of diligence, its Motion to Amend the Scheduling Order should be denied.

## BACKGROUND

This case arises from Defendants' unlawful conduct in connection with Plaintiffs' 2000 purchase of a vehicle from Defendant Brookdale Dodge. Plaintiffs' Amended Complaint

Claimed that Defendant violated the Truth in Lending Act (TILA) by a) failing to comply with its timing requirements ("the timing claim"), and b) failing to label estimates about the terms of credit as estimates ("the estimate claim"). (See Am. Class Action Compl., Nov. 20, 2001.)

On June 21, 2001, the Court issued a Pretrial Schedule. Discovery closed on March 3, 2002. (See Pretrial Schedule order, June 21, 2001.) The Schedule provided, "All dispositive motions shall be served, filed, and heard by May 1, 2002." (Id.) Accordingly, Defendant served a Motion for Summary Judgment on October 10, 2001. The Motion sought summary judgment on Plaintiffs' timing claim. Before that summary judgment motion was heard, Plaintiffs amended the Complaint to add the estimate claim. (See Am. Class Action Compl., Nov. 20, 2001.)

However, Defendants let the May 1, 2002 dispositive-motion deadline pass without making a dispositive motion on the estimate claim and without making any motion to amend the scheduling order. Defendant does not explain why. (See generally Def.'s Mem.) The Court granted summary judgment on the timing claim only. (See Order, Dec. 27, 2002.)

Defendant waited until February 20, 2003, before trying to bring its Motion for Summary Judgment on the estimate claim. (See Def.'s Ex. 1.) Defendant did not, however, make any attempt to extend the dispositive-motion deadline before serving its Motion for Summary Judgment on the estimate claim. Plaintiffs twice brought this deficiency to Defendant's attention, yet Defendant refused to withdraw the motion and to make a motion to amend the scheduling order first. (See Goolsby Aff. ¶¶ 2, 3, Exs. A, B.) Finally, after the Court requested that Defendant withdraw its summary judgment motion, Defendant did so on August 7, 2003. (See Goolsby Aff. ¶ 4, Ex. C.) Defendant acknowledged at that time the necessity of filing a motion to extend the deadline, yet still did not then make any such motion. (See Id) It was not

until June 15, 2004 – more than two years after the dispositive motion deadline, nearly sixteen months after Defendant had tried to serve the summary judgment motion, and more than ten months after Defendant had acknowledged the need for a motion to amend the scheduling order – that Defendant finally served the present Motion to Amend the Scheduling order.

## ARGUMENT

### I. DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER SHOULD BE DENIED BECAUSE DEFENDANT HAS FAILED TO MEET EITHER THE PROCEDURAL OR SUBSTANTIVE REQUIREMENTS OF LOCAL RULE 16.3.

#### A. Defendant's Motion to Amend the Scheduling Order should be denied because Defendant failed to bring the motion before the deadline in question had passed.

The Local Rules for the District of Minnesota provide, "Except in extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." LR 16.3(c). Defendant admits that Local Rule 16.3 applies (see Def.'s Mem. at 1), yet fails to make any mention of LR 16.3(c).

Defendant must concede that the dispositive-motion deadline passed long before Defendant served the present motion. Indeed, Defendant did not bring its motion to amend the scheduling order until more than two years past the deadline.

Thus, the Court need not even entertain whether Defendant has shown good cause, because Defendant has made no argument whatsoever that there are any extraordinary circumstances that would justify even considering the motion to extend at this late date. The only thing extraordinary about the circumstances is how long past the deadline Defendant waited before moving to amend the scheduling order.

Accordingly, Defendant's motion to extend the scheduling deadline should be denied as untimely itself.

**B. <u>Defendant's Motion to Amend the Scheduling Order should be denied for the additional reason that Defendant's lack of diligence in bringing the summary judgment motion is not good cause.</u>**

Local Rule 16.3 and Fed. R. Civ. P. 16(b) provide that a scheduling order may be amended only upon motion for good cause shown. Even if the Court here reaches whether Defendant has shown good cause to amend the scheduling order to allow Defendant's untimely summary judgment motion, Defendant's Motion to extend the scheduling deadline should be denied. The Eighth Circuit has held, "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." <u>Bradford v. Dana Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001) (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)). The Eighth Circuit explained, "As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." <u>Bradford</u>, 249 F.3d at 809 (citing <u>In re Milk Prods. Antitrust Litig.</u>, 195 F.3d 430, 437 (8th Cir.1999)).

This Court has explained:

> The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes — 1983 Amendment; <u>see also</u>, <u>Julian v. Equifax Check Services, Inc.</u>, 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. <u>Luigino's Inc. v. Pezrow Cos.</u>, 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631-32 (D. Minn. 2000), (quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581 (D. Minn. 1999)).

The very case on which Defendant here seeks to rely explained:

> The court also does not agree with Eischeid that the supposed merits of his summary judgment motion otherwise establish "good cause" for extending the deadline. Reasonable scheduling deadlines should apply to *the filing of dispositive motions*, without regard to whether or not the motions are meritorious. Otherwise, every party in every case could argue that it should be excused from following applicable deadlines, because its belated motion is "meritorious," turning the disposition of the motion to extend deadlines into a *de facto* consideration of the merits of the untimely motion.

Eischeid v. Dover Const. Inc., 217 F.R.D. 448 (N.D. Iowa 2003). The Eischeid court concluded, "The supposed merits of the summary judgment motion do not explain the delay in filing it." Id.

In the present case, Defendant offers no explanation for its lack of diligence in failing to meet the dispositive-motion deadline, but instead presses the supposed merits of its proposed second motion for summary judgment. However, almost all of the cases that Defendant now claims support its position on the merits had been decided before the May 1, 2002 dispositive-motion deadline in this case. See, e.g., Vang v. Morrie's Minnetonka Ford, 2001 WL 1589614 (D. Minn. 2001); Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir. 2000); Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir. 2000); Tripp v. Charlie Falk Auto, 2001 WL 1105132 (E.D. Va. 2001); Nigh v. Koons Buick Pontiac GMC, Inc., 143 F. Supp. 2d 535 (E.D. Va., 2001); Leguillou v. Lunch Ford, Inc., 2000 WL 198796 (N.D. Ill. 2000); Jasper v. New Rogers Pontiac, Inc., 1999 WL 1024522 (N.D. Ill. 1999). While Plaintiffs do not concede that these cases support Defendant's position on the merits, if Defendant believes they do, there was no reason Defendant could not have brought its motion at the appropriate time. Indeed,

Defendant admits that it had already briefed supposedly "identical legal issues" in other cases.[1] There was therefore no good cause for Defendant to fail to make the supposedly "identical" motion in this case.

Nor can Defendant claim that it had not completed the necessary discovery before the dispositive-motion deadline. The discovery deadline was March 3, 2002, and hence all discovery was completed well before the dispositive-motion deadline.

Certainly if Defendant had an argument against the estimate claim, the time to raise it was in a motion brought prior to the dispositive motion deadline. Defendant chose not to make any such motion at that time, and made no suggestion at that time that it needed additional time to engage in further discovery or to conduct legal research.

While the standard is not whether Plaintiffs would be prejudiced, Plaintiffs would indeed be prejudiced by any further delay in litigation of a claim they brought more than two and a half years ago.

## CONCLUSION

Defendant offers no reason why it could not have brought its Motion for Summary Judgment before the dispositive-motion deadline. Nor is there any reason why Defendant could not have brought its motion to extend the deadline before the deadline. Defendant did neither. Instead, Defendant disregarded the scheduling order, slept on its rights, and now must suffer the consequences. Accordingly, Defendant Brookdale Dodge's Motion to Amend the Scheduling Order should be denied.

Dated this 17th day of June, 2004. Respectfully submitted,

---

[1] Defendant argues, without explanation, that because certain issues had supposedly already been briefed in other cases, there is somehow good cause. (See Def.'s Mem. at 5.) In truth, the fact that Defendant had supposedly

**CONSUMER JUSTICE CENTER, P.A.**

By: s/John H. Goolsby__________________
Thomas J. Lyons Jr.
Attorney I.D. No.: 249646
John H. Goolsby
Attorney I.D. No.: 0320201
342 East County Road D
St. Paul, Minnesota 55117
Telephone: (651) 770-9707

**THOMAS LYONS & ASSOCIATES P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
St. Paul, Minnesota 55117
Telephone: (651) 770-9707

Attorneys for Plaintiffs

---

already briefed the same issues in other cases shows just the opposite of good cause: i.e., there was no reason Defendant could not have made the motion at the appropriate time in this case.